SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman, Esq. (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff, CHARLES KLEIN

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO**

| | |
|---|---|
| CHARLES KLEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF D. SCOTT CARRUTHERS; MOUNTAIN LION ACQUISITIONS, INC.;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br>  1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>  2. **CALIFORNIA ROSENTHAL ACT** |

Plaintiff, CHARLES KLEIN, an individual, by and through his attorneys of record, hereby complains and alleges as follows:

**INTRODUCTION**

1. Plaintiff, by and through his attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendants MOUNTAIN LION ACQUISITIONS, INC. (hereinafter "Defendant MOUNTAIN

1
**COMPLAINT**

1  LION") and LAW OFFICE OF D. SCOTT CARRUTHERS (hereinafter "Defendant

2  CARRUTHERS") in violation of the Federal Fair Debt Collection Practices Act, 15

3  U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal

4  Act, Calif. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act").

5      1.   In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the

6  following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

15     2.   In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following

16  findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This action arises out of Defendants' violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as it pertains to the State of California Causes of Action.

5. Because Defendants conduct business within the State of California and maintain an agent for service of process at 8448 Katella Avenue, in the City of Stanton, State of California, personal jurisdiction is established.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of San Francisco, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

7.     Plaintiff, as a natural alleged to owed money to Defendants arising out of a personal loan issued by a creditor known as CashCall, which was alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

8.     Plaintiff is therefore informed and believes that the money alleged to have been owed to Defendant originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

9.     Upon information and belief, Defendants were attempting to collect on a debt that originated from a line of credit that was extended as a personal loan, and was therefore primarily for personal, family, or household purposes, and as such was a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

10.     Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

11.     Plaintiff is informed and believes that Defendants utilize the

instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and are also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

12. Defendant CARRUTHERS is a law firm whose primary practice is the collection of outstanding debts, including consumer debts.

13. Defendant MOUNTAIN LION is a purchaser of outstanding consumer debts, and thereafter undertakes debt collection efforts.

14. Defendant MOUNTAIN LION is owned and operated by D. Scott Carruthers, who is also the owner and operator of Defendant CARRUTHERS, and both Defendants operate out of the same office in the City of Stanton.

15. At all times relevant, Defendant CARRUTHERS was acting on behalf of and at the direction of Defendant MOUNTAIN LION.

16. Plaintiff initially owed a debt to CashCall that had been issued to Plaintiff as a line of personal credit, which Plaintiff used primarily for household and living expenses.

1      17.    Plaintiff takes no position as to the validity of the alleged debt, as it is
2 irrelevant for these purposes.

3      18.    By letter dated December 23, 2014, Defendant CARRUTHERS informed
4 Plaintiff that CARRUTHERS had been "retained" by Defendant MOUNTAIN LION to
5 initiate litigation against Plaintiff, and Defendant MOUNTAIN LION had purchased
6 the alleged debt originally owed to CashCall.

7      19.    Sometime thereafter, Plaintiff spoke to Carissa McCardwell, secretary for
8 Defendant CARRUTHERS, and requested that she email him validation of the alleged
9 debt.

10     20.    On January 21, 2015, McCardwell emailed to Plaintiff a letter pertaining to
11 someone named "Margarita Fernandez", and this letter has absolutely nothing to do
12 with Plaintiff or the alleged debt upon which Defendants had been contacting Plaintiff.

13     21.    McCardwell's January 21, 2015 email was on behalf of Defendants, and
14 purported to contain validation of the alleged debt upon which Defendants were seeking
15 to collect, and therefore the email constitutes a "communication" as that term is defined
16 by 15 U.S.C. § 1692a(2) and "debt collection" as that phrase is defined by 15 U.S.C. §
17 1692a(6).

18     22.    By including a letter that belonged to a completely different person for a
19 completely different matter, Defendants therefore violated 15 U.S.C. § 1692e by using
20 false, deceptive and misleading representations in connection with the collection of
21 Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal.

1  Civ. Code § 1788.17; thus, Defendant MOUNTAIN LION also violated Cal. Civ. Code
2  § 1788.17.

3     23.    McCardwell's January 21, 2015 email also fails to state that it is a debt
4  collector attempting to collect a debt, and Defendants therefore committed a violation of
5  15 U.S.C. § 1692e(11). This section is incorporated into the RFDCPA through Cal.
6  Civ. Code § 1788.17; thus, Defendant MOUNTAIN LION also violated Cal. Civ. Code
7  § 1788.17.

8     24.    Plaintiff then sent an email to McCardwell explaining what had just
9  occurred, and instructed that the validation be sent to his mailing address via certified
10 mail.

11     25.    McCardwell replied on January 22, 2015 seeking clarification of Plaintiff's
12 desire to have the validation mailed to him via certified mail, and this email does not
13 state that it is a debt collector attempting to collect a debt. This email constitutes a
14 "communication" as that term is defined by 15 U.S.C. § 1692a(2) and "debt collection"
15 as that phrase is defined by 15 U.S.C. § 1692a(6). Defendants therefore committed a
16 violation of 15 U.S.C. § 1692e(11). This section is incorporated into the RFDCPA
17 through Cal. Civ. Code § 1788.17; thus, Defendant MOUNTAIN LION also violated
18 Cal. Civ. Code § 1788.17.

19     26.    After Plaintiff confirmed that he wanted the documents to be sent via
20 certified mail, McCardwell again replied on January 22, 2015 to indicate she would
21 mail the documents. This email also does not state that it is a debt collector attempting

7
**COMPLAINT**

to collect a debt. This email constitutes a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6). Defendants therefore committed a violation of 15 U.S.C. § 1692e(11). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant MOUNTAIN LION also violated Cal. Civ. Code § 1788.17.

27. By letter dated January 22, 2015, Defendants caused to be delivered to Plaintiff a letter that stated as follows:

> Pursuant to your resent [sic] request for certain records regarding the debt, please see the following:
>
> a) Mountain Lions [sic] right to seek collection of debt [sic].
>
> b) Debt balance, principle [sic], interest rate, collection charges 25% [sic].
>
> c) Date of default or date of last payment.
>
> d) Name of charge off creditor, and account number.
>
> e) Debtor's name and last known address as it appears on charge off creditor's recovery [sic].
>
> f) Name of all persons or entities who have purchased this debt.
>
> A copy of the contract or other document evidences you agreeing to the debt.

28. The documents attached to the letter fail to contain the following items, despite Defendants' representation within the letter itself that such documents are attached:

1. The letter fails to contain any proof whatsoever of Defendant MOUNTAIN

8
**COMPLAINT**

        LION's right to seek collection of the debt, whether by debt purchase or any other means;

2. The letter fails to contain any proof whatsoever of Defendant MOUNTAIN LION's right to seek 25% collection charges;

3. The letter fails to contain the names and addresses of all persons or entities who have purchased the debt, as Plaintiff knows of at least one other debt collector who had purchased the debt before Defendants.

29. This letter constitutes a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

30. By failing to include the documents indicated in paragraph 28 above, Defendants have therefore violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant MOUNTAIN LION also violated Cal. Civ. Code § 1788.17.

31. By adding 25% as collection charges without the ability to add such collection charges by law or by contract, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1) of FDCPA. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant MOUNTAIN LION also violated Cal. Civ. Code § 1788.17.

32. The letter also fails to state that it is from a debt collector. Defendants

9
**COMPLAINT**

therefore committed a violation of 15 U.S.C. § 1692e(11).  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant MOUNTAIN LION also violated Cal. Civ. Code § 1788.17.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**(AS AGAINST ALL DEFENDANTS)**
**15 U.S.C. §§ 1692-1692p**

33. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

34. The foregoing acts and omissions constitute multiple violations of the FDCPA.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), from all Defendants jointly and severally; statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), from each Defendant individually; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from all Defendants jointly and severally.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF ROSENTHAL ACT)**
**(AS AGAINST DEFENDANT MOUNTAIN LION ONLY)**
**CAL. CIV. CODE §§ 1788-1788.32**

36. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

37. The foregoing acts and omissions constitute multiple violations of the RFDCPA.

38. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant, and Plaintiff be awarded damages from Defendants as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, from each Defendant individually;

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA, from all Defendants jointly and severally;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA, from all Defendants jointly and severally;

- An award of actual damages pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32, from Defendant MOUNTAIN LION only;

- An additional award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in

addition to all other remedies pursuant to California Civil Code § 1788.32, from Defendant MOUNTAIN LION only;

- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32, from Defendant MOUNTAIN LION only;

- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c) of the Rosenthal Act, from Defendant MOUNTAIN LION only.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 3, 2015    Respectfully submitted,

SEMNAR & HARTMAN, LLP

By: /s/ Jared M Hartman
Jared M. Hartman, Esq.
Attorney for Plaintiff