**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES KLEIN,

Plaintiff,

v.

LAW OFFICES OF D. SCOTT CARRUTHERS; MOUNTAIN LION ACQUISITIONS, INC.,

Defendants.
_______________________________________/

No. C15-00490 CRB

**ORDER GRANTING ATTORNEYS' FEES AS MODIFIED**

Plaintiff Charles Klein moves for attorneys' fees and costs following his acceptance of Defendants Law Offices of D. Scott Carruthers and Mountain Lion Acquisitions, Inc.'s ("Mountain Lion") (collectively, "Defendants") Rule 68 Offer of Judgment in an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the California Fair Debt Collection Practices Act, Cal. Civil Code § 1788, et seq. ("Rosenthal Act"). Mot. (dkt. 19).

The fees and costs Klein seeks are over six times greater than the damages owed to him under the Rule 68 Offer. A similar disparity between statutory damages and attorneys' fees might be appropriate under certain circumstances, such as where a defendant seeks to extend the litigation in hopes of ultimately prevailing. But here, Klein's counsel did not have to file any motions, conduct any depositions, engage in any discovery, or even correspond or talk with opposing counsel at any point. Instead, Defendants simply recognized their liability and filed the Rule 68 Offer. In spite of this quick resolution, Klein's counsel, who both

claim to be "experienced" in FDCPA actions, devoted the bulk of their hours to lengthy research done after acceptance of the Rule 68 Offer. It would be unreasonable to overcompensate and fully reward this attempt to take advantage of a technical violation of the FDCPA, and Klein's fee request seeks exactly that. Accordingly, the Motion is GRANTED as modified, and the hearing on the Motion is hereby VACATED.

## I. BACKGROUND

Klein alleged that, on several occasions, Defendants failed to make representations required by the FDCPA and Rosenthal Act or misrepresented information in written communications sent to Klein regarding a debt that he allegedly owed to Mountain Lion. Compl. (dkt. 1) ¶¶ 16–32. Defendants' violations consisted of: sending an e-mail regarding a debt different from the one owed by Klein; omitting required statements that Defendants were debt collectors attempting to collect a debt from Klein; and misrepresenting certain details about Mountain Lion's ownership of Klein's debt and ability to seek interest and collection charges on the debt. Id. ¶¶ 20–32. Shortly after Klein filed the Complaint, Defendants submitted a Rule 68 Offer of Judgment in the amount of $2,200, in addition to any additional attorneys' fees and costs owed by law. Offer of Judg. (dkt. 15). Klein accepted the Offer the next day. Amend. Acceptance (dkt. 18). Klein asserts that this acceptance makes him the prevailing party for purposes of recovering attorneys' fees and costs, id., and Defendants do not dispute this claim. Opp'n (dkt. 20) at 5.

Klein now seeks to recover $14,012.95 in attorneys' fees and costs billed by his counsel, Babak Semnar ("Semnar") and Jared M. Hartman ("Hartman"). Memo. at 2; Hartman Decl. (dkt. 19-2), Ex. B (dkt. 19-4). Semnar has billed 8.7 hours at a rate of $425 per hour, for a total of $3,697.50. Semnar Decl. (dkt. 19-5) ¶ 23. Hartman has billed 27.7 hours, including time that he anticipates billing for a hearing on this motion, at a rate of $349 per hour, for a total of $9,667.30. Hartman Decl. ¶ 19(a)–(e). Klein also seeks fees for work done by his attorneys' legal assistant, amounting to 1.7 hours at $69 per hour, for a total of $117.30. Id. ¶ 20. Finally, Klein seeks to recover $530.85 in costs and expenses incurred through the duration of the case. Id. ¶ 19(f)–(g).

Defendants object to paying these fees on the grounds that the requested fees are excessive given that Klein's attorneys have experience in similar FDCPA actions and that Defendants' violations were technical, the hours billed include non-recoverable clerical work, and the work could have been completed by one attorney instead of two. See generally Opp'n.

## II. LEGAL STANDARD

Parties that prevail in actions brought under the FDCPA may recover reasonable attorneys' fees and costs from the opposing side. 15 U.S.C. § 1692k(a)(3). This award is also available to parties that prevail in claims brought under the Rosenthal Act. Cal. Civil Code § 1788.30(c).

To calculate attorneys' fees awarded under Section 1692k(a)(3), district courts must use the lodestar method.[1] Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal quotations omitted). The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Yet a court may exclude from the fees requested any hours that are "excessive, redundant, or otherwise unnecessary . . . ." Id. at 434. In addition to settling the number of hours, the court must also determine the reasonable hourly rate, "considering the experience, skill, and reputation of the attorney requesting fees." Chalmers v. City of L.A., 796 F.2d 1205, 1210 (9th Cir. 1986).

In general, a district court "'has a great deal of discretion in determining the reasonableness of the fee . . . .'" Camacho, 523 F.3d at 978 (quoting Gates v. Deukmejian,

---

[1] Courts also use the lodestar method to calculate attorneys' fees under the Rosenthal Act. See Komarova v. Nat'l Credit Acceptance, Inc., 95 Cal. Rptr. 3d 880, 898–99 (Cal. Ct. App. 2009). Accordingly, it is appropriate to analyze Klein's request for fees under the Rosenthal Act using the method traditionally applied for fee awards under the FDCPA. See, e.g., Johnson v. CFS II, Inc., No. 5:12–CV–01091–LHK, 2013 WL 6841964 (N.D. Cal. Dec. 27, 2013) (using traditional lodestar method to determine attorneys' fees where plaintiff brought claims under FDCPA and Rosenthal Act).

987 F.2d 1392, 1398 (9th Cir. 1992)). Although a court must specifically explain the reasons for a reduction of the requested fees by more than 10%, such explanation need not be elaborate as long as it is clear. Moreno v. City of Sacramento, 534 F.3d 1106, 1111-12 (9th Cir. 2008).

## III. DISCUSSION

### A. Attorneys' Reasonable Hourly Rate

The Court determines that Klein's attorneys will recover hours at the rates of $349 per hour for Semnar and $349 per hour for Hartman. To determine a reasonable hourly rate for the work performed by Klein's counsel, the Court must look at the "'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation.'" Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997) (quoting Chalmers, 796 F.2d at 1210–11). Subsumed within the initial lodestar calculation of a reasonable rate are factors such as the complexity of the issues, the risk of the litigation if working on a contingency fee, and the results obtained. Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). Rates from outside the relevant community can be used instead "'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" Barjon, 132 F.3d at 500 (quoting Gates, 987 F.2d at 1405). The relevant community is the forum where the district court is located. Id. For purposes of Klein's fee motion, then, the relevant community is the Northern District of California.

The party seeking fees has the burden of providing evidence, including its own attorneys' affidavits, that their hourly rate is consistent with those of similarly experienced lawyers in the relevant community. Camacho, 523 F.3d at 979. Klein has submitted affidavits from Semnar and Hartman themselves, as well as another attorney, Michael Marrinan ("Marrinan"), in support of his contention that Semnar's and Hartman's hourly rates of $425 per hour and $349 per hour, respectively, are reasonable. Semnar Decl.; Hartman Decl.; Marrinan Decl. (dkt. 19-6). The Marrinan Declaration does not state what a reasonable hourly rate for an attorney handling consumer law issues of similar complexity

would be, but simply asserts that the proposed rates for Semnar and Hartman are "reasonable" and "much lower" than the prevailing market rates for attorneys of their experience and skill level. Marrinan Decl. ¶¶ 16–17.

Klein also relies on the United States Consumer Law Attorney Fee Survey Report 2013–2014. Memo. at 13-14; Reply at 4; Hartman Decl., Ex. A (dkt. 19-3). Semnar and Hartman urge the Court to compare their requested rates of $425 per hour and $349 per hour, respectively, to the average rate of $387 per hour for attorneys with similar levels of experience in California. Semnar Decl. ¶ 20; Hartman Decl. ¶ 16. A number of district courts have considered the Report to be valid evidence of prevailing hourly rates in FDCPA and Rosenthal Act cases. See, e.g. Davis v. Hollins Law, 25 F. Supp. 3d 1292, 1299 (E.D. Cal. 2014) (collecting cases in which Report considered acceptable for demonstrating prevailing rates).

The Report includes Metropolitan Area Tables with information on specific cities throughout the U.S., one of which indicates that consumer law attorneys in the San Francisco metropolitan area with six–ten years experience have an average hourly rate of $350 per hour, and attorneys with eleven–fifteen years experience have an average hourly rate of $588. Hartman Decl., Ex. A at 81. Semnar has approximately twelve years of experience, and has engaged with consumer law issues during that time. See Semnar Decl. ¶¶ 4, 10–18. Hartman has approximately seven years of experience, and has also spent some time working on consumer law issues. See Hartman Decl. ¶¶ 3, 9–14. In light of his total practice experience and attention to consumer law issues, Hartman's requested rate of $349 per hour appears reasonable in light of the normal San Francisco billing rates in the Report.

Semnar, however, requests a much higher rate of $425 per hour despite no evidence outside of the Report showing the reasonableness of that rate. The Court notes that, even though Semnar has more total experience than Hartman, Semnar's consumer law experience is indistinguishable from Hartman's, so a higher rate for Semnar is less warranted here. See Semnar Decl. ¶¶ 11–12, 15–18; Hartman Decl. ¶¶ 9–14. Furthermore, Semnar's hourly rate is high given the limited work required to obtain a Rule 68 Offer of Judgment and file a

motion for attorneys' fees. Indeed, it is questionable whether work by two attorneys was even necessary in this case given its lack of complexity, further justifying recovery for Semnar's work at Hartman's reduced rate. A district court may reduce an hourly rate if it determines that the lack of complexity is not reflected in the hourly rate requested. See Johnson v. Credit Int'l, Inc., 257 F. App'x. 8, 10 (9th Cir. 2007); Moreno, 534 F.3d at 1115 (requiring district court to consider "[t]he difficulty and skill level of the work performed" in finding reasonable hourly rate). The FDCPA and Rosenthal Act violations committed by Defendants were undeniable because Defendants' communications omitted mandatory language. Opp'n at 3. Defendants acknowledged they had no defense and immediately made a settlement offer rather than prolong the action before this Court. Id. at 8. Klein did not have to file any motions, conduct any discovery, or even have his counsel communicate with Defendants' counsel. See id. at 4. All that was required of Semnar was to meet with Klein and review the elements of an FDCPA claim. Id. at 3. This work is not any more complex than the work done by Hartman, and should not be compensated at a higher rate merely because Semnar has more experience than Hartman in non-FDCPA cases. As a result, Semnar will be compensated at a reduced rate of $349 per hour, the same rate as Hartman's.

**B. Hours Reasonably Expended on Litigation**

**1. Hours Billed After Acceptance of Rule 68 Offer**

Defendants assert that the time Semnar and Hartman spent on tasks in this litigation is excessive in light of their "extensive combined experience" in this type of action. Opp'n at 10. They focus their objections on work done after March 12, the date on which Klein accepted Defendants' Rule 68 Offer. Id. at 10–11. This work consists solely of the research and drafting of Klein's pending motion for attorneys' fees and costs. Hartman Decl., Ex. B.

The Court agrees with Defendants, and strikes as unrecoverable all hours billed by Hartman[2] after March 12 because the hours requested are unreasonable. "Exorbitant [fee]

[2] As discussed infra in Section III(B)(2), the Court does not consider Semnar's sole billing entry after March 12 recoverable as part of the attorneys' fees award because it is duplicative of one of Hartman's entries.

claims can and will be rejected in the exercise of the court's broad discretion." Kinney v. Int'l Bhd. of Elec. Workers, 939 F.2d 690, 695 (9th Cir. 1991). The 18.7 hours Hartman spent litigating this motion account for more than half of the total hours billed by both Semnar and Hartman. Hartman Decl., Ex. B. This disproportionality illustrates the exorbitance of the hours billed after March 12. And awarding fees only for work performed prior to March 12 is warranted because those fees are adequate to compensate Klein's counsel in light of the minimal work required for Klein to obtain a favorable judgment. See Kinney, 939 F.2d at 695 ("[A]ny award at all of fees for fee litigation may be denied if the court concludes fees already awarded have provided sufficient compensation to counsel.")

Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . ." Moreno, 534 F.3d at 1112. But Moreno recognized the possibility that a favorable result is uncertain for plaintiff's counsel in a civil rights case, so there is typically little incentive for counsel to work unnecessary hours to inflate a contingency fee that may never be recoverable. Id. That uncertainty was not present here, since the facts were never disputed by Defendants. A favorable judgment—and, consequently, recovery of attorneys' fees—was practically guaranteed. Opp'n at 3. As a result, Hartman had every reason to inflate his fee, and appears to have done just that after March 12.

Hartman's hours are particularly unreasonable in light of his experience in litigating FDCPA actions. Hartman represents himself to be well-versed in consumer law issues, including FDCPA claims. Hartman Decl. ¶¶ 9–14. He has practiced in California for more than seven years, and has substantial experience with consumer actions. Hartman Decl. ¶¶ 3, 9. This experience has very likely given him at least a basic familiarity with attorneys' fees motions in these cases, making the significant number of hours spent drafting and litigating this motion unnecessary and unreasonable. Consequently, the Court will not award attorneys' fees or costs for any work done by Hartman after March 12.

United States District Court
For the Northern District of California

**2. Work Done by Both Attorneys**

As a general matter, the Court does not agree with Defendants that all of the hours billed by Semnar prior to March 12 are non-recoverable as "duplicative and unnecessary." Opp'n at 10. "[T]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." Kim v. Fujikawa, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989). Defendants do not identify particular billing entries they consider duplicative, and a review of the descriptions of work done by Semnar and Hartman prior to March 12 reveals little, if any, redundancy. Semnar initially consulted with Klein on January 30, and then reviewed Klein's documents and the relevant case law in preparation for the Complaint on February 2. Hartman Decl., Ex. B. Hartman then performed all the substantive work in the case from February 3 until March 18, except for a meeting between Semnar, Hartman, and Klein on March 9. Id. Semnar and Hartman completed distinct tasks and do not appear to have billed multiple times for those tasks that they did together, so none of Semnar's hours prior to March 12 should be excluded from the attorneys' fees award.

However, Semnar's billing entry of 3.7 hours from March 18 is not recoverable as part of the attorneys' fees award. Semnar and Hartman appear to have needlessly done the exact same research on March 18. The billing entries on that date reflect that each researched identical issues: the lodestar method and attorneys' fees awards under the FDCPA. Id. The legal issues involved with FDCPA attorneys' fees awards and the lodestar method are not so complex as to justify the same research by multiple attorneys, particularly in light of Defendants' interest in promptly resolving the action. Cf. Fujikawa, 871 F.2d at 1435 n.9 ("Here, the participation of more than one attorney constituted a reasonable necessity, given the complexity of legal issues and the breadth of factual evidence involved in this case."). Semnar's research also seems excessive given that he had not done any substantive work on the case—aside from the short March 9 meeting—since February 2, a period of more than a month and a half. Given this redundancy, Semnar's 3.7 hours from that date will not be considered for purposes of determining the lodestar amount.

United States District Court
For the Northern District of California

**3. Clerical Work**

The Court further reduces the attorneys' fees requested by Klein to eliminate the 1.7 hours of clerical work included in his counsel's invoice. Fees for work that is clerical in nature are part of normal overhead costs and are not included in recoverable hours. Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009); see also Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Tasks such as mailing, obtaining transcripts, researching filing procedures, recording hours worked, and collecting documents are examples of clerical work that is not billable. Nadarajah, 569 F.3d at 921. Defendants have objected to Klein's seeking fees for "work by a para-professional," but do not specify any entries they consider non-compensable. Opp'n at 9.

The invoice submitted by Klein reveals several entries for the kind of clerical work that Nadarajah deemed unrecoverable, including scheduling and record keeping. The invoice contains nine separate entries from the legal assistant (billed by "LS") totaling 1.7 hours, including tasks such as "[O]pening new file" and "Calendar[ing] expiration date for Rule 68 Offer and add[ing] to weekly meeting list." Hartman Decl., Ex. A (2/2/15, 2/4/15, 2/5/15, 2/10/15, 2/16/15, 3/5/15, 3/11/15, & 3/18/15). All of LS's work is extremely similar or identical to the tasks recognized as clerical in Nadarajah, and thus, is not recoverable. 569 F.3d at 921.

**C. Discovery as to Defendants' Billing Records**

The Court denies Klein's request to conduct discovery as to the billing records of Defendants' counsel. Klein asserts that refusing to allow discovery as to the billing records of Defendants' counsel would be an abuse of discretion because Defendants have challenged the reasonableness of the fees requested. Memo. at 16; see also Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985). But Klein misrepresents Henson's holding. Henson does not stand for the proposition that a court must allow discovery as to an opposing party's billing records when such party objects to fees requested by a prevailing party. Rather, Henson allowed the discovery sought only after it explicitly recognized that

discovery of those records was inappropriate in many situations, since an opposing party's billing entries would have little probative value where the nature of its work was very different from the other party's. See id. at 1574–75. This is one such situation: the only work performed by Defendants' counsel appears to have been the filing of a Rule 68 Offer and the Opposition to the pending motion, whereas Klein's counsel had to research his claims, determine strategy, and then file the motion for attorneys' fees and costs. The other case cited by Klein, Real v. Cont'l Grp., Inc., 116 F.R.D. 211 (N.D. Cal. 1986), is distinguishable on similar grounds. Opposing counsel's billing records were discoverable in that case because the parties had both engaged in extensive discovery and pretrial motion practice, so their work was much more similar in quantity and quality than the work of the parties in this action. Cont'l Grp., Inc., 116 F.R.D. at 213. Consequently, the Court will not permit discovery into Defendants' billing records, as those documents would not be relevant to judging the reasonableness of Klein's requested fees.

## IV. CONCLUSION

The Court awards Klein attorneys' fees and costs in the amount of $5,362.95, which represents $1,745.00 for Semnar's fees, $3,141.00 for Hartman's fees, and $476.95 for costs and expenses.

**IT IS SO ORDERED.**

Dated: June 10, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE